| | |
|---|---|
| UNITED STATES OF AMERICA et al., | CASE NO. 2:21-cv-01542-DGE |
| Plaintiff, | ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR RELATOR |
| v. | |
| CENTENE CORPORATION et al., | |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Presently before the Court is a motion by Nathaniel F. Smith and Halunen Law, Richard A. Smith, Meredith A. Crafton and Smith & Lowney, PLLC, and Mike Bothwell and Bothwell Law Group (collectively "Relator's Counsel") to withdraw as counsel of record for plaintiff-relator Gerardo Cosme.  (Dkt. No. 18.)  Relator's Counsel contend they have irreconcilable differences with their client, and that they first informed Cosme of their intent to withdraw on September 30, 2022.  (*Id*. at 2.)

Local Civil Rule 83.2(b)(1) sets forth the conditions under which an attorney may withdraw from representation in a civil case:

ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR RELATOR - 1

No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g). A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases) and shall include a certification that the motion was served on the client and opposing counsel. A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party. If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case, and at the discretion of the court in a criminal case.

Here, Relator's counsel have filed a motion to withdraw pursuant to Local Civil Rule 83.2(b)(1). (*Id*.) Relator's counsel have certified that the motion was served on the plaintiff-relator and opposing counsel. (*Id*. at 4.) Because the firms and attorneys named in the motion to withdraw appear to constitute plaintiff-relator's last remaining attorneys of record, the motion to withdraw, if granted, would leave plaintiff-relator unrepresented. Relator's counsel have included plaintiff-relator's address and telephone number in the motion as required by Local Civil Rule 83.2(b)(1). (*Id*.) Local Civil Rule 83.2(b)(1) provides that counsel will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case; given this case's relative infancy, the Court has yet to impose any discovery deadlines.

District courts have discretion to approve or deny a motion to withdraw as counsel. *McNall v. Pac. Ret. Servs., Inc*., 859 F. App'x 48, 49 (9th Cir. 2021) ("We review for an abuse of discretion a district court's ruling on an attorney's motion to withdraw.") In deciding whether to grant a request to withdraw, the Court must consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of

the case. *Russell v. Samec*, No. 2:20-CV-00263-RSM-JRC, 2021 WL 3130053, at *1 (W.D. Wash. July 23, 2021).

These factors weigh in favor of granting the motion to withdraw. Relator's Counsel, in citing professional considerations, have provided an adequate reason for withdrawal. Washington Rule of Professional Conduct 1.16, Comment 3 ("The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.")

Cosme has not opposed the motion, despite being aware of his attorneys' intention to withdraw as early as September 30, 2022. This case is in its early stages, with the Court granting the Government several extensions of time to consider whether it wanted to intervene in this case, limiting the potential prejudice to Cosme and giving him the opportunity to secure new counsel.

The Court finds that Relator's counsel have complied with all the requirements necessary to withdraw as counsel. Accordingly, the Court, having considered the motion, hereby GRANTS leave for the requested withdrawal.

Nathaniel F. Smith and Halunen Law, Richard A. Smith, Meredith A. Crafton and Smith & Lowney, PLLC, and Mike Bothwell and Bothwell Law Group are hereby relieved as counsel for plaintiff-relator Gerardo Cosme.

Dated this 2nd day of December, 2022.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR RELATOR - 3