UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>CENTENE CORPORATION et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:21-cv-01542-DGE<br><br>ORDER DISMISSING CASE |

On November 12, 2021, *qui tam* relator Gerardo Cosme brought this action against Defendants on behalf of the United States and on his own behalf, alleging violations of the False Claims Act ("FCA"). (Dkt. No. 1.) On October 26, 2022, the Government notified the Court of its decision not to intervene in this *qui tam* action. (Dkt. No. 16.) On December 2, 2022, the Court granted a motion by relator Cosme's attorneys to withdraw as counsel of record. (Dkt. No. 19.) From that point forward, Cosme proceeded pro se.

On March 21, 2023, the Government informed the Court that relator Cosme had not yet retained new counsel, but was "actively seeking representation." (Dkt. No. 20.) No attorney

ORDER DISMISSING CASE - 1

appeared on relator's behalf. A pro se relator cannot prosecute a *qui tam* action on behalf of the United States. *Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1127 (9th Cir. 2007). On July 14, 2023, the Court issued an order directing Cosme to show cause why this case should not be dismissed. (Dkt. No. 21.)

On July 28, 2023, Cosme responded to the Court's order to show cause. (Dkt. No. 23.) Cosme claims he has had a difficult relationship with his attorneys, and says this action was improperly brought in the Western District of Washington. (*Id*. at 2.) Cosme asks the Court to transfer this case to the United States District Court for the Northern District of Georgia, where Cosme claims "[v]irtually all the evidence" he has accumulated to support this action is located. (*Id*.) Cosme also claims he has counsel in Georgia ready to represent him in this case. (*Id*. at 6.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Court "has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation and quotation marks omitted). The party seeking transfer generally bears the burden "to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759–760 (C.D. Cal. 2016).

However, given that Cosme cannot prosecute the United States' interests in this action, the Court may not consider Cosme's motion to transfer venue. Accordingly, the Court finds it appropriate to dismiss this case without prejudice so Cosme can file this claim elsewhere and obtain new counsel. *See Georgakis v. Ill. State Univ*., 722 F.3d 1075, 1077 (7th Cir. 2013)

ORDER DISMISSING CASE - 2

("Dismissals for lack of proper representation [in qui tam actions] are ... normally without prejudice, to give the plaintiff a chance to find a lawyer to handle the case.").

Accordingly, Cosme's complaint is DISMISSED without prejudice.

Dated this 4th day of August, 2023.

David G. Estudillo
United States District Judge